# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

MARLON ANDRE BROWN

**CRIMINAL COMPLAINT**

CASE NUMBER: $00-4210-BSS$

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 25, 2000, in Broward County, in the

___Southern___ District of ___Florida___ defendant did,

knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine,

in violation of Title 21, United States Code, Section 952(a).
I further state that I am a(n) U.S. Customs Service Special Agent and that this complaint is based on the following
<sub>Official Title</sub>
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
Edwin Flood
Special Agent, U.S. Customs

Sworn to before me, and subscribed in my presence,

August 26, 2000 at Fort Lauderdale, Florida
Date                    City and State

LURANA SNOW
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer          Signature of Judicial Officer



**AFFIDAVIT**

I, Edwin Flood, being duly sworn, do hereby depose and state the following:

1. I am currently employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since November, 1986. From 1977 to 1986, I was employed as a Special Agent with the Bureau of Alcohol, Tobacco & Firearms. I am presently assigned to RAIC/FL, HIDTA (High Intensity Drug Trafficking Area), Group-III, which is continuously involved in the investigation of drug trafficking and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31, and various other federal statutes. The following information is based upon personal knowledge and that of my fellow Special Agents, Customs Inspectors and/or other law enforcement officers. Because this affidavit is for the purpose of establishing probable cause for the issuance of a complaint, I have included only those facts necessary to establish such probable cause, not each and every fact known to me.

2. On August 25, 2000, Customs Inspectors at Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale

International Airport, in the Southern District of Florida, from Kingston, Jamaica, on board Air Jamaica flight number 089. One of the passengers inspected was Marlon Andre Brown.

3. After being admitted into the United States by the Immigration and Naturalization Service, the defendant presented himself and his luggage to the U. S. Customs Service for inspection. During the course of the inspection, the Customs inspector asked Brown routine questions concerning his travel and the contents of his luggage.

4. The inspector and Brown spoke particularly about twenty-seven bottles of different types of food sauces and products contained in bottles in Brown's luggage. Also contained in the bag were various foodstuffs, including rotting fruit, coffee, and other products. The inspector inserted a probe into one of the twenty-seven food sauce bottles. When the probe impacted a solid object immediately upon insertion into the bottle but before Customs inspectors had had an opportunity to remove the object and determine what it was, Brown said, "Ain't mine, ain't mine."

5. Customs inspectors then probed the remaining twenty-six bottles. A total of eighteen bottles contained foreign objects. The eighteen bottles bore four different label types. Customs inspectors conducted further investigation into the foreign objects contained in the sauce bottles. For one of each of the four types of bottles containing foreign substances, Customs

inspectors broke the bottles open and removed solid cylindrical type objects. Each object was field-tested. All tested positive for cocaine.

6. Based upon the foregoing facts, I believe probable cause exists to assert that Brown did knowingly and intentionally import into the United states, from a place outside thereof, a schedule II controlled substance, to wit, cocaine, in violation of Title 21, United States Code, Section 952(a).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

Edwin Flood, Senior Special Agent
**United States Customs Service**

Sworn to and subscribed before me
this 26 day of August, 2000.

Lurana Snow
United States Magistrate Judge

AO 91 (Rev. 5/85) Criminal Complaint   AUSA Rosenbaum   USCS S/A Flood

# United States District Court

**SOUTHERN** DISTRICT OF **FLORIDA**

UNITED STATES OF AMERICA

V.

MARLON ANDRE BROWN

## CRIMINAL COMPLAINT

CASE NUMBER:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 25, 2000, in Broward County, in the

___Southern___ District of ___Florida___ defendant did,

knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine,

In violation of Title 21, United States Code, Section 952(a).
I further state that I am a(n) U.S. Customs Service Special Agent and that this complaint is based on the following

facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:   [x] Yes  [ ] No

Signature of Complainant
Edwin Flood
Special Agent, U.S. Customs

Sworn to before me, and subscribed in my presence,

August 26, 2000                                   at   Fort Lauderdale, Florida
Date                                                   City and State

LURANA SNOW
UNITED STATES MAGISTRATE JUDGE              _Lurana S. Snow_
Name and Title of Judicial Officer                 Signature of Judicial Officer

inspectors broke the bottles open and removed solid cylindrical type objects. Each object was field-tested. All tested positive for cocaine.

6. Based upon the foregoing facts, I believe probable cause exists to assert that Brown did knowingly and intentionally import into the United States, from a place outside thereof, a schedule II controlled substance, to wit, cocaine, in violation of Title 21, United States Code, Section 952(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT

Edwin Flood, Senior Special Agent
United States Customs Service

Sworn to and subscribed before me
this _26_ day of August, 2000.

Lurana S. Snow
Lurana Snow
United States Magistrate Judge