UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**NIGHT BOX**
**FILED**

JAN 2 3 200'

CASE NO. 00-6252-CR-ROETTGER

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARLON ANDRE BROWN,

    Defendant.
_____/

## DEFENDANT'S OBJECTION TO THE PRE-SENTENCE INVESTIGATION REPORT

The Defendant, MARLON BROWN, through undersigned counsel, files his objection to the Pre-sentence Investigation Report (PSI) and the otherwise applicable guideline offense level, and in support thereof, the defendant states:

### OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

### Role Adjustment

Mr. Brown objects to the Probation Officer's failure to recommend a role reduction pursuant to USSG § 3B1.2(b), which states: "If the defendant was a minor participant in any criminal activity, decrease by two levels." The accompanying commentary to § 3B1.2 states that a minor participant means "any participant who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3) Mr. Brown respectfully submits that he is entitled to a 2 level minor role reduction.



The offense conduct section of the PSI and Mr. Brown's acceptance of responsibility statement establishes that Mr. Brown was no more than a courier. Approximately two weeks before the importation, Mr. Brown was approached by a man he knows as Garnette Whitaker. Mr. Whitaker asked Mr. Brown if he wanted to make some money. See PSI ¶ 10. After Mr. Brown replied in the affirmative, Mr. Whitaker explained that he needed Mr. Brown to move some cocaine for him. Mr. Brown later met a man who he knows as "Pidee", a friend of Mr. Whitaker. Pidee made the travel arrangements and provided Mr. Brown with the cocaine when he dropped Mr. Brown off at the airport in Jamaica.

Upon entering the United States, Custom agents discovered the cocaine hidden in a several sauce bottles and Mr. Brown was arrested. Mr. Brown had been instructed that someone would pick him up from the airport and that the person would recognize him by the clothes he was wearing. Mr Brown did not know to whom the cocaine was to be delivered.

Mr. Brown's status as a courier does not presumptively preclude him from being considered as a minor participant. See United States v. De Varon , 175 F.3d 930, 943 (11th Cir.1999). In determining whether a drug courier is entitled to a role reduction, the district court should consider the following: the amount of drugs, the fair market value of the drugs, the defendant's equity interest in the drugs, the defendant's role in planning the criminal scheme and role in the distribution. See Id. at 945.

In this case, Mr. Brown was recruited as a drug courier for a single smuggling transaction. Mr. Brown did not participate in the planning of the smuggling transaction. Mr. Brown did not participate in the packaging and did not see the drugs until he was arrested. Mr. Brown did not know the person who was going to pick him up at the airport. Mr. Brown did not know the person to

2

whom the cocaine was to be delivered. Mr. Brown was to have no role in the distribution of the cocaine. In addition, Mr. Brown has met with Custom Agent Ed Flood. Mr. Brown advised Agent Flood that he has discovered that Mr. Whitaker has sent and is continuing to send other couriers to the United States. Accordingly, Mr. Brown is less culpable than Garnett Whitaker, "Pidee" and the person or persons who were going to distribute the cocaine. Therefore, Mr. Brown is entitled to a two level offense reduction pursuant to USSG § 3B1.2. because of his minor role in the offense.

### Safety Valve

Mr. Brown objects to the probation officer's failure to decrease the offense level by two levels pursuant to USSG § 2D1.1(b)(6). If a defendant meets the criteria set forth in USSG § 5C1.2, the "safety valve" provision, and the offense level is 26 or greater, the offense is to be decreased by two levels. See USSG § 2D1.1(b)(6). Mr. Brown meets the criteria set forth in USSG 5C1.2.

Mr. Brown has no prior criminal record; used no violence or threat of violence in connection with the offense; was not a leader, organizer, manager, or supervisor; the offense did not result in death or serious injury; timely provided the government with all the information and evidence he has concerning the offense; and the base offense level for this offense is 26. Therefore, Mr. Brown's offense level should be reduced two levels pursuant to USSG § 2D1.1(b)(6). The undersigned has contacted Assistant United States Attorney Robin Rosenbaum, the prosecutor handling this case for the government, and Ms. Rosenbaum does not contest Mr. Brown's position with respect to this issue.

### Conclusion

Mr. Brown respectfully requests that this court sustain his Objections to the Pre-sentence Investigation Report and impose a sentence which is consistent with the facts and arguments set forth above.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 ext. 112
(954) 356-7556 (fax)

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 22nd day of January, 2001 to Assistant United States Attorney Robin Rosenbaum, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301 and to Dulcelina Moore, United States Probation Office, 300 N.E. First Avenue, Room 315, Miami, Florida 33132-2126.

_____
Daryl E. Wilcox

S:\WILCOX\BROWN\OBJ-PSI.wpd

4